Harvey **TABRON**, Plaintiff,

v.

Lt. **GRACE**, et al., Defendants.

Civ. A. No. 1:CV–89–0633.

United States District Court,
M.D. Pennsylvania.

Sept. 28, 1995.

---

Harvey Tabron, Huntingdon, PA, pro se.

Andrew H. Cline, David R. Fine, Kirkpatrick & Lockhart, Harrisburg, PA, for plaintiff.

Amy Zapp, Office of Attorney General, Harrisburg, PA, for defendants.

## MEMORANDUM

RAMBO, Chief Judge.

### I. *Introduction*

Before the court are Plaintiff's motions *in limine,* which were filed on August 4 and August 10, 1995. Plaintiff seeks an order precluding Defendants from introducing into evidence his criminal convictions and those of Donald Leonard, an inmate whom he intends to call as a witness at the trial of this matter. The motions became ripe for disposition upon the filing of Plaintiff's reply briefs on September 7, 1995. For the reasons set forth below, the court will grant Plaintiff's motions and preclude introduction of the convictions.

### II. *Background*

Plaintiff is an inmate at the State Correctional Institution at Huntingdon, Pennsylvania ("SCI–Huntingdon"). Defendants are corrections officers who are employed at SCI–Huntingdon. Plaintiff instituted the captioned action pursuant to 42 U.S.C. § 1983, seeking redress for alleged violations of his Eighth Amendment rights. The gist of the claim is that Defendants were deliberately indifferent to a serious risk of harm to Plaintiff from a fellow inmate, Charles Evans.

Plaintiff and Evans were discovered committing a drug infraction at SCI–Huntingdon, and became involved in some level of dispute over who should take responsibility for the infraction in institutional disciplinary proceedings. Plaintiff claims that in the course of the preliminary disciplinary proceedings, Evans made serious threats to harm him, and that Defendants overheard the threats but took no action to ensure his safety. The following morning, Evans attacked and cut Plaintiff with a home-made knife, an event which is apparently undisputed. Plaintiff alleges that Evans was known to be violent and Defendants, having heard the threats, should have taken steps to protect him from Evans.

Plaintiff is serving a life sentence for second-degree murder and has two robbery convictions as well. His witness, Donald Leonard, also is incarcerated for life on a murder conviction. At the time of the attack on

Plaintiff, Evans was serving a shorter sentence for aggravated assault. In his motions *in limine,* Plaintiff avers that his and Leonard's convictions should be excluded from evidence under Fed.R.Evid. 403 and 609. Plaintiff reasons that the convictions are not relevant to any issue in this litigation and, even if they were deemed to be relevant for credibility or any other purposes, their potential for prejudice to the Plaintiff substantially outweighs any relevance.

Defendants respond that the convictions have important probative value for the issue of credibility, which they say is the pivotal issue in this action because they will deny having overheard Evans threaten Plaintiff. Defendants urge that the convictions are probative on credibility because they show that Plaintiff and Leonard have no disincentive for failing to tell the truth, given their life sentences. They further argue that Plaintiff's conviction is specifically relevant to the claim underlying this action, a position that will be discussed more fully, *infra.*

### III. *Discussion*

■ The admissibility dispute in this matter is governed by Fed.R.Evid. 609(a)(1), which states that for purposes of attacking the credibility of a witness:

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted....

Fed.R.Evid. 609(a)(1). The incorporation of Rule 403 into Rule 609(a)(1) requires that evidence of prior convictions that is probative of the credibility of the witness must be excluded if the court determines that the prejudicial effect of the convictions would substantially outweigh their probative value. The inclusion of this balancing standard into Rule 609(a)(1) was deliberate, a point that is discussed more thoroughly, *infra.* Its significance is underscored by a comparison to

Rule 609(a)(2), which mandates that evidence of convictions for crimes of dishonesty or false statement also shall be admitted, but contains no Rule 403 qualification.

■ In civil cases, courts rely on a number of factors in deciding whether to admit evidence under Rule 609(a)(1). *See* 1 McCormick on Evidence, § 42 at 144–45 n. 9 (4th ed. 1992). These include the nature of the convictions, the time that has elapsed since conviction, the importance of credibility to the underlying claim, and the potential for prejudice from admitting the convictions. The first three factors illuminate the inquiry into the probative value of the convictions. Once the probative value has been determined, it must be weighed against the fourth factor, the potential that the convictions will prejudice the jury against the Plaintiff. In short, these factors serve the balancing test required by Rule 403.[1]

■ The convictions sought to be admitted here are for the crimes of murder and robbery, and they are approximately twenty years old. In terms of credibility, their probative value consists of whatever insight they can provide into the general credibility of the Plaintiff and Leonard. In that regard, this court is not as persuaded as some courts seem to be that such convictions and their accompanying life sentences show a propensity for untruthfulness or a certain willingness to lie under oath. Felony convictions undoubtedly have some probative value for the issue of general credibility in many cases, but they are not dispositive of the issue in every case. Something more is required to make an informed determination of the probative value of felony convictions, and the court believes that that something is a careful consideration of the role that credibility will play in the resolution of the particular case.

The court does not believe that the credibility of Plaintiff and Leonard is as pivotal to this case as Defendants suggest. Many of the facts relevant to establishing the Eighth

---

1. Two observations are in order. First, additional Rule 609(a)(1) factors commonly cited by McCormick and other commentators are relevant only to criminal trials. Second, the court regards the four factors cited herein as a sound starting point for the Rule 609(a)(1) inquiry in civil cases, but does not regard them as exclusive, and believes that additional factors may be useful in particular civil cases.

Amendment claim—the infliction of an injury upon Plaintiff by Evans, the seriousness of the injury, the argument between Plaintiff and Evans over responsibility for the drug infraction, their physical proximity to each other during the preliminary administrative proceeding and the following day, the lack of any measures taken to separate them, Evans' administrative record of discipline for violent conduct—appear to be uncontested. Of course, a central fact—whether Defendants overheard a threat to Plaintiff—is contested, and so the court finds that credibility is important to the resolution of one significant issue in the case. The court will give this proper attention in balancing the probative value of the felony convictions against their potential for prejudice.

The goal of Defendants, obviously, is to persuade the jury that Plaintiff and his witness are generally not to be believed, so that the jury will determine that Plaintiff is lying when he states that Defendants overheard and ignored Evans' threats against him. The court agrees that undermining credibility will play a significant role in the defense. The mere fact of incarceration in a state correctional institution, however, is a significant tool for undermining the credibility of an inmate witness, and that incarceration will become known to the jury in this case, as happens in any Eighth Amendment action brought by a state inmate. A murder conviction, on the other hand, has the potential to do more than create a credibility handicap. It has the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired. Where a particular murder conviction is of little or no relevance to other issues in the underlying litigation, and there are other means available to undermine credibility, then it is a short step to find that the potential for prejudice from introducing the murder conviction will substantially outweigh its probative value. The same is true, although to a lesser degree, of robbery convictions. Accordingly, the court rejects Defendants' argument that Rule 609(a)(1) requires admission of these convictions for general credibility purposes.

In making this admissibility determination, the court thoroughly considered Defendants'

arguments and the case law cited by them. Defendants assert, in essence, that incarceration for life on murder charges is *per se* indicative of a lack of incentive to tell the truth in a civil trial. Defendants rely heavily upon a decision of the Eighth Circuit Court of Appeals, *Cummings v. Malone,* 995 F.2d 817 (8th Cir.1993), and two unpublished decisions by another judge of this district. Of course, those decisions are not binding on this court, but the court reviewed them, nevertheless, for the guidance they might offer.

It is true that the *Cummings* decision suggests that a civil plaintiff's felony convictions will always have great probative value into his general veracity. Aside from this court's fundamental disagreement with so broad a statement on the probative value of felony convictions, the court found the *Cummings* decision distinguishable from this case on numerous grounds. *Cummings* involved an inmate's Eighth Amendment claim that prison officials had beaten him repeatedly, and their outright denial that any facts were as he claimed. Every issue pertinent to establishing the inmate's claim—whether he sustained any injury at all, or struck an officer first, or was struck by any officer, or had any witnesses to the incident—all were in dispute and would require credibility determinations. Further, the inmate had been convicted of assault crimes against the very officials he charged with excessive force, which suggests a greater motive for lying than is suggested by the facts of the instant case. Finally, part of the *Cummings* court's concern seemed to be that the district judge had not performed any balancing inquiry at all. *See Cummings,* 995 F.2d at 825–27.

The court also reviewed the two decisions from this district submitted by Defendants in support of their position. In *Brooks–Bey v. Michaels,* No. 3:CV–92–0709 (M.D.Pa. July 19, 1993) (McClure, J.), the court provided the following rationale for its decision to admit evidence of the plaintiff's felony convictions:

The Notes of the Advisory Committee on the 1972 Proposed Rules indicate that the admission of this type of prior crime was consistent with the 'weight of traditional authority' which 'allow[ed] the use of felo-

nies generally, without regard to the nature of the particular offense, and of *crimen falsi* without regard to the grade of the offense.' The obvious reason that felonies traditionally would be admissible for impeachment is that a felon has committed a grave offense, and that a person who is willing to go so far outside of the bounds of civilized society perhaps would be likely to treat testifying in a court of law with the same light regard, as another 'line' to be crossed.

\* \* \* \* \* \*

We believe that, since the jury will already be aware that plaintiff and his witness were convicted of serious crimes, the jury is entitled to know exactly how serious, so that the jury can properly evaluate their credibility. Further, credibility will be a significant factor in the outcome of the trial, since plaintiff's and his witness' version of the events in question varies considerably in some respects from that of the defendants' witnesses.

*Id.* at p. 3–4. This language suggests an extremely liberal approach to the admission of felony convictions, which this court will not endorse, not least because the reasoning of the decision is flawed in an important respect. In examining the intent of Rule 609(a)(1), the court quotes only to the commentary accompanying the 1970 version of the Rule. What is missing is the commentary to later revisions to the Rule, notably the 1990 amendments, which came about in response to the Supreme Court's decision in *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 527, 109 S.Ct. 1981, 1994, 104 L.Ed.2d 557 (1989).

In that regard, the specific purpose of the 1990 amendments was the addition of the balancing test of Rule 403, to "reflect[ ] a judgment that decisions interpreting Rule 609(a) as requiring a trial court to admit convictions in civil cases that have little, if anything, to do with credibility reach undesirable results." Fed.R.Evid. 609 (Notes on 1990 Amendment) (West 1995). Rule 403's balancing test counteracts the "weight of traditional authority" that formerly allowed the admission of felonies into evidence as a general rule. A blanket assumption that any felony conviction is relevant for impeachment purposes in any case would seem to render meaningless the deliberate insertion of Rule 403's balancing test into Rule 609(a)(1). Equally meaningless would be the deliberate distinction between *crimen falsi* and other crimes, which explains the separate language of Rule 609(a)(2), and the exclusion from that provision of Rule 403's balancing test.

In sum, the court finds the cases submitted and relied upon by Defendants unpersuasive.[2] Felony conviction evidence under Rule 609(a)(1) should be reviewed on an individual basis, making no assumptions about the probative value of the conviction to credibility outside the facts of the case, and applying a genuine balancing of that value against the potential for prejudice.

■ The court also will consider Defendants' alternative argument in favor of admissibility of Plaintiff's convictions, which does not implicate credibility or Leonard at all. Defendants suggest that admission of the convictions is essential to their rebuttal of Plaintiff's theory of the case. The court understands Defendants' theory as follows: (1) Under *Farmer v. Brennan*, —— U.S. ——, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), an Eighth Amendment claim based upon a prison official's disregard for the risk posed by a fellow inmate requires a showing that the official knew of and disregarded an *excessive* risk to the inmate, which the official is entitled to rebut by showing that he lacked knowledge of or underestimated the risk; (2) Plaintiff will introduce testimony that Evans made threats against him in Defendants' presence as well as evidence of Evans' history of violence, including the conviction for aggravated assault; and (3) Defendants will rebut Plaintiff's claim by testifying that they did not hear any threats by Evans against

**2.** The second unpublished district court decision cited by Defendants adds nothing to the discussion and, in fact, never mentions Rule 609(a)(1) at all. Defendants also provide a string cite to numerous cases which they say strongly support

admitting these convictions into evidence. (*See* Defendants' brief in opposition to Plaintiff's first motion *in limine*, at 11.) Most of these cites are to criminal cases, which are distinguishable for obvious reasons.

Plaintiff and that in any event Plaintiff's conviction for murder and life sentence made him more of a threat to Evans than Evans was to him. In sum, Defendants argue that it would prejudice their defense if they cannot explain the risk of harm as they perceived it, and counter any evidence of Evans' conviction for aggravated assault with evidence of Plaintiff's conviction for murder.

A comparison of Plaintiff's and Evans' convictions could be relevant to the defense, but only if Defendants knew and considered the comparative criminal histories of the two men at the time they chose to take no action. Defendants have not established that and it is unclear that they will attempt to do so. Rather, they seem to argue that *if* they had considered the comparative details of the Plaintiff's and Evans' criminal histories, they *would* have considered Plaintiff more dangerous than Evans. The point appears to be simply that Defendants would like to counteract anything Plaintiff may have to say about the violence in Evans' criminal history with evidence of Plaintiff's own criminal history. The court will not admit Plaintiff's convictions on that theory.

If Plaintiff makes much of Defendants' alleged knowledge of Evans' aggravated assault conviction, he may open the door to their knowledge, if any, of his own convictions. Plaintiff's case, however, appears to be premised more on the alleged threats and Evans' institutional misconduct rather than on his conviction for aggravated assault. Further, as noted above, it is not clear that Defendants can or will present appropriate evidence of their knowledge about the convictions of either individual. For now, speculation about all of this will not change the court's ruling. The court may reconsider the relevance of Plaintiff's convictions to this point of the defense if and when it becomes appropriate to do so at trial. In that case, it will consider the particular circumstances of each crime, and reconsider the prejudice factor as well.

## IV. *Conclusion*

Plaintiff's motions *in limine* will be granted. The court will preclude introduction of the specific criminal convictions and terms of incarceration of Plaintiff and Donald Leonard. An appropriate order will be entered.